

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-22-2009

# Utpal Desai v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1480

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Utpal Desai v. Atty Gen USA" (2009). *2009 Decisions*. Paper 1321.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1321

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**CLD-188**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1480
_____

UTPAL AJITKUMAR DESAI,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                        Respondent

_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A037-061-888)
Immigration Judge: Susan G. Roy

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
May 14, 2009
Before: RENDELL, HARDIMAN and COWEN, Circuit Judges

(Opinion filed: May 22, 2009)
_____

OPINION
_____

PER CURIAM

Utpal Ajitkumar Desai, a native and citizen of India, was admitted to the United

States as a lawful permanent resident in 1980.  On June 4, 2008, Desai was served with a

notice to appear alleging that he was subject to removal under INA §§ 237(a)(2)(B)(i) and 237(a)(2)(A)(iii) for the following offenses: (1) possession of a controlled substance in 2002; and (2) third degree theft in 1994. At his removal hearing, the Immigration Judge ("IJ") found that Desai was subject to removal as charged in the notice to appear. Desai sought deferral of removal under the Convention Against Torture. Desai alleged that he faced discrimination and persecution if he returned to India because he is HIV-positive and would not receive proper medical treatment.[1] Desai also alleged that he would be detained and subjected to persecution by the government and police in India because of his criminal history in the United States. The IJ denied relief and the Board of Immigration Appeals (BIA) upheld the IJ's decision. Through counsel, Desai filed a timely petition for review. The government filed a motion for summary affirmance and Desai has filed a response.

We have jurisdiction over Desai's petition for review pursuant to INA § 242. The petition presents a question of law, one concerning the proper legal interpretation of torture. We review that question de novo. Pierre v. Att'y Gen., 528 F.3d 180, 184 (3d Cir. 2008) (en banc). We may summarily deny a petition for review that presents us with no substantial question. 3d Cir. LAR 27.4 and I.O.P. 10.6. For the reasons that follow, we will do so.

In order to obtain deferral of removal, Desai must show that it is more likely than

---

[1] At his hearing, Desai testified to having full-blown AIDS.

2

not that he will be tortured if returned to India.  See 8 C.F.R. § 208.17(a).  He must show a specific intent to torture, i.e., "that his prospective torturer will have the motive or purpose to cause him pain or suffering."  Pierre, 528 F.3d at 189.  An act is torture if it is intentionally inflicted on a person for the purposes of obtaining information or a confession, punishment, intimidation or coercion, or for any reason based on discrimination of any kind, by the instigation or with the consent or acquiescence of a public official or other person acting in an official capacity.  See 8 C.F.R. § 208.17(a).

The BIA correctly concluded that Desai failed to establish that the government of India had any specific intent or motive to torture him.  See Pierre, 528 F.3d at 189.  The pain and suffering Desai claimed that he would experience as a result of either inadequate medical treatment or being detained upon return to India would not, as the BIA correctly noted, be the result of any specific intent to torture by the Indian government, but an unintended consequence of medical care that is deficient compared to what he is now receiving.  See Pierre, 528 F.3d at 189 ("The lack of medical care and likely pain that [a petitioner] will experience [in detention] is an . . . unintended consequence . . . that . . . is not the type of proscribed purpose contemplated by the CAT.").

Similarly, the BIA correctly held that Desai failed to show that any discrimination that he may face in India, based on his HIV status, would be directed or encouraged by the government of India, but rather is general discrimination that does not constitute torture.  See id.  Given the lack of evidence that Desai would be singled out for torture,

3

the BIA did not err in concluding that Desai failed to meet the requirements for relief under CAT.

As this appeal presents no substantial question, we will grant the Government's motion for summary action. See 3d Cir. LAR 27.4 and 3d Cir. I.O.P. 10.6.